**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OSCAR DANTZLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-2581** |
| **UNITED STATES DEPARTMENT OF JUSTICE, ET AL.** | **SECTION L (1)** |

**ORDER AND REASONS**

Before the Court is Plaintiff Oscar Dantzler's Amended Complaint, R. Doc. 6, requesting a "Temporarily Injunction" against several parties, including the United States Department of Justice, the United States Federal Bureau of Investigation, the Governor and Attorney General of Louisiana, and several judges. Plaintiff also asks the Court to issue a Writ of Mandamus. *Id.* The Court previously denied Plaintiff's similar requests without prejudice on the basis that Plaintiff had not met the legal requirements for a temporary restraining order, preliminary injunction, or writ of mandamus. R. Doc. 5. Plaintiff has now filed an amended complaint reasserting his entitlement to relief.

To obtain injunctive relief, Plaintiff must show: "(1) a substantial likelihood that [he] will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Plaintiff has failed to make this showing, most primarily because he fails to show a substantial likelihood that he will prevail on the merits of his claims.

To obtain a writ of mandamus, Plaintiff must demonstrate that "he has no other adequate means to obtain the requested relief and that he has a clear and indisputable right to the writ." *In re Dunn*, No. 25-11384, 2026 WL 2651655, at *1 (5th Cir. Apr. 23, 2026), *cert. denied sub nom.*

*Dunn v. USDC ND TX*, No. 26-5495, 2026 WL 3384159 (U.S. Nov. 9, 2026). Plaintiff has not advanced any argument showing that he has a clear and indisputable right to a writ of mandamus. Accordingly, having already permitted Plaintiff to amend his complaint in an effort to cure the identified deficiencies, the Court will now deny Plaintiff's requests for a temporary restraining order, preliminary injunction, and writ of mandamus with prejudice.

Additionally, it is well established that "[e]ven if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004)). "In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." *Id.* Here, as noted *supra,* the Court has already granted Plaintiff an opportunity to amend his complaint. Moreover, Plaintiff's complaint, which raises claims of fantastical conspiracy, is patently frivolous. It is therefore within this Court's power to dismiss Plaintiff's complaint *sua sponte* for failure to state a claim upon which relief can be granted. Accordingly;

**IT IS ORDERED** that Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**, in their entirety, each party to bear its own costs.

New Orleans, Louisiana, this 17th day of November, 2026.

Eldon E. Fallon

United States District Judge